The Honorable Bob Fairchild State Representative 1428 Mission Boulevard Fayetteville, AR 72711-2221
Dear Representative Fairchild:
This is in response to your request for an opinion regarding the "veterans preference" law codified at A.C.A. §§ 21-3-301—306 (1987). These statutes require state employers to give veterans a preference in employment if they meet substantially equal qualifications. The statutes also provide, where an examination is given for employment purposes, for the addition of points to the score of certain veterans who have passed the exam. You have posed three specific questions as follows:
 1. Does giving a veteran points added to a pre-screen for the purpose of getting an interview, but for no further consideration, comply with A.C.A. § 21-3-302, or should consideration be given to the veteran after the pre-screen score if the veteran is substantially equally qualified?
 2. Do state agencies have an affirmative obligation to determine if they have any veterans in their applicant flow; or is it the obligation of the veteran to make his veteran status known to the agency and, if so, is the fact that his military service appears in his application and/or resume sufficient to put the agency `on notice' that it may have an applicant entitled to veteran preference?
 3. If a state agency has two or more applicants who meet substantially equal qualifications and one is a veteran, must the state agency hire the veteran and, if not, on what basis may the state agency refuse to hire the veteran? What recourse do veterans have who apply for jobs with state agencies and meet substantially equal qualifications of other applicants, but are not employed?
In response to your first question, although I am somewhat uncertain as to the meaning intended by use of the term "pre-screen," I assume that you are referring to the process of sifting through applications and resumes to select those to be interviewed, and not to a screening process where any examination is given to prospective employees. Your question inquires as to whether adding "points" at this stage alone complies with the statute. It should be noted in this regard that "points" are only added under the statute when an examination is required. The statute does not mandate the addition of points where an examination is not administered. It is my understanding through phone conversations with you that no such examination was given in the matter giving rise to your question. Under this set of facts, the provision of the statute requiring the addition of "points" (§ 21-3-302(c)), is not applicable.[1] With regard to any "similar instrument" which results in some type of a "score" for job applicants,[2] the question of whether such an instrument was used will involve a factual determination. I cannot offer an opinion on the use of such an instrument without referencing all of the facts surrounding the scoring instrument that was actually used.
The applicable provision of the statute is A.C.A. § 21-3-302(a), which grants veterans with "substantially equal qualifications" a preference. In my opinion, if a veteran possesses substantially equal qualifications, he or she should be given "preference" both at the "pre-screen" stage, and the employment decision stage. Whether a particular applicant possesses "substantially equal qualifications," however, is a question of fact in each instance.
Your second question inquires whether veterans must make their veteran status known to the state employer, or whether such employers have an obligation to determine whether any candidates are veterans. You also ask whether a reference to veteran status on an application or resume is sufficient to put the state employer on notice. Unfortunately, A.C.A. 21-3-302 does not address this issue, and my research has not produced any other relevant statutory authority on point. There is a requirement, however, that veterans taking licensing exams to obtain state licenses to engage in the various professions deliver to the examining board, commission, or bureau the original or a duly and properly executed certified copy of an honorable discharge from the Army, Navy, Marines, or Nurses of the United States in order to receive a credit of 10% on their exam. A.C.A. § 17-1-101. Section 21-3-302 contains no such requirement. In order to best answer your question, therefore, it is necessary to determine the legislative intent. Because the statute is silent on this point, because the purpose of the "veterans preference" statute is to benefit veterans, and because all state agencies are aware, or should be aware, of the veterans preference point system, it is my opinion that when an applicant submits an application or resume with his or her military service displayed, the agency is put on notice to treat the veteran with preference. I can find no requirement in the statute, however, placing an affirmative obligation on a state employer to determine veteran status where such information does not appear on an application or resume.
Your final question concerns what happens when two or more applicants are substantially equally qualified and one of them is a veteran. You inquire whether the state agency must hire the veteran, and upon what basis the state agency may refuse to hire the veteran. Section 21-3-302(B) of the Arkansas Code provides clearly in this situation that the veteran must be given preference. Furthermore, Executive Order 89-1, at Section 5, states that "after determining that substantially equal qualifications exist, [the agency] must give serious consideration to first, ten point veterans, second, five point veterans, and third, all other applicants." Absent an examination score, the veteran, in my opinion, may be denied employment only if he or she fails to meet "substantially equal qualifications." When the agency refuses to hire a veteran who believes that he or she meets substantially equal qualifications, the veteran, pursuant to Executive Order 89-1, can request a written explanation from the appropriate agency director justifying the reason for nonselection in "clear and unambiguous language." This written response must be delivered within thirty days of the request to the Chairman of the Committee and to the Director of Veterans Affairs. Additionally, A.C.A. § 21-3-303 requires the "appointing authority" to submit in writing the reasons for not hiring the veteran. If the above procedure does not deliver satisfactory results, the rejected applicant may resort to the judicial process.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elana L. Cunningham.
Sincerely,
WINSTON BRYANT Attorney General
WB:cyh
[1] If an examination or other "similar instrument" is employed to create an "employment list," then under the statutes points are to be added at this stage.
[2] Executive Order EO-89-01 requires the addition of points not only where an examination is given, but where "similar instruments" resulting in a "score" for purposes of establishing an employment list are used.